IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIEGO FRAUSTO, | ) | |
|     Plaintiff, | ) | 1:10-cv-1363 |
| | ) | Judge Zagel |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| IC SYSTEM, INC., | ) | |
|     Defendant. | ) | |

## AMENDED COMPLAINT

1. Plaintiff Diego Frausto ("plaintiff"), brings this action to secure redress for unlawful debt collection practice engaged in by defendant Credit Collection Services in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), and 15 U.S.C. §1692k (FDCPA).

3. Venue is appropriate because a substantial portion of the events that gave rise to this cause of action occurred here. Defendant's debt collection attempts were directed at plaintiff, who lives in the Chicago area.

## PARTIES

4. Plaintiff is an individual who resides in this District.

5. IC System, Inc. is a debt collection agency that is located in the Minneapolis/Saint Paul, Minnesota area.

1

## FACTS

6. IC System called plaintiff on plaintiff's cell phone using an automatic telephone dialing system and prerecorded voice message.

7. Plaintiff has a recording of a prerecorded voice message defendant left for him.

8. The prerecorded voice message did not identify IC System. There may have been other calls that plaintiff is not aware of, or that plaintiff was not able to preserve.

9. Upon information and belief, the telephone call(s) to plaintiff were made using an automated dialer, such that plaintiff's phone number was dialed without human intervention. That is to say that no human being dialed the digits; a machine did.

10. Furthermore, the voice mail messages were prerecorded.

11. Any debt defendant was attempting to collect would have been incurred for personal, family or household purposes.

## COUNT I - FDCPA

12. Plaintiff incorporates all previous paragraphs.

13. 15 U.S.C. §1692d(6) requires that a debt collector making a telephone call provide meaningful disclosure of the caller's identity:

> **A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> \*\*\*\*
> **(6) Except as provided in section [1692b] of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.**

14. Defendant's voice messages were "communications" for purposes of debt collection within the meaning of the FDCPA, and defendant was required to make the

disclosures required by 15 U.S.C. §§ 1692d(6) and 1692e(11).  *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350 (11th Cir. 2009), *Ramirez v. Apex Fin. Mgt., LLC*, 567 F. Supp. 2d 1035 (N.D. Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Leyse v. Corporate Collection Servs.,* 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

15.    Defendant's voice message for Plaintiff did not make a meaningful disclosure of the caller's identity.

WHEREFORE, plaintiff requests this Honorable Court to enter judgment in favor of plaintiff and against defendant for:

(1)    Statutory damages;

(2)    Attorney's fees, litigation expenses and costs of suit; and

(3)    Such other relief as the Court deems proper.

**COUNT II - TCPA**

16.    Plaintiff incorporates all previous paragraphs.

17.    The TCPA, 47 U.S.C. §227(b), prohibits calling persons on their cell phone using an automatic telephone dialing system, and prohibits calling persons on their cell phone using a prerecorded message.

18. Upon information and belief, defendant called plaintiff one or more times using both an automatic telephone dialing system and using a prerecorded or artificial voice message in violation of the TCPA.

WHEREFORE, plaintiff requests this Honorable Court to enter judgment in favor of plaintiff and against defendant for:

(1) Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

(2) An injunction against future calls to plaintiff that violate the TCPA, along with corresponding declaratory relief;

(3) Costs of suit; and

(4) Such other relief as the Court finds proper.

Respectfully submitted,

Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

Alexander H. Burke

4

**Document Preservation**

Defendant is hereby directed to take affirmative steps to preserve all records and data concerning plaintiff, its phone message system and relating to any other facts alleged herein.