# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **DIEGO FRAUSTO,** | |
| **Plaintiff,** | |
| vs. | Case No.: 10-cv-1363 |
| **IC SYSTEM, INC.,** | Judge Zagel |
| **Defendant.** | |

## ANSWER TO AMENDED COMPLAINT

Defendant, I.C. SYSTEM, INC. ("IC") submits this answer and affirmative defenses to plaintiff's Amended Complaint:

1. Plaintiff Diego Frausto ("plaintiff"), brings this action to secure redress for unlawful debt collection practice engaged in by defendant Credit Collection Services in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

**ANSWER:** Denied.

### JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), and 15 U.S.C. §1692k (FDCPA).

**ANSWER:** Admitted.

3. Venue is appropriate because a substantial portion of the events that gave rise to this cause of action occurred here. Defendant's debt collection attempts were directed at plaintiff, who lives in the Chicago area.

> **ANSWER:** Admit on information and belief that plaintiff resides in the Northern District of Illinois. Deny all remaining allegations in ¶ 3.

## PARTIES

4. Plaintiff is an individual who resides in this District.

**ANSWER:** Admitted on information and belief.

5. IC System, Inc. is a debt collection agency that is located in the Minneapolis/Saint Paul, Minnesota area.

**ANSWER:** Admit that IC is a debt collector with its headquarters in St. Paul, Minnesota. Deny the remaining allegations in ¶ 5.

## FACTS

6. IC System called plaintiff on plaintiff's cell phone using an automatic telephone dialing system and prerecorded voice message.

**ANSWER:** Admit that IC called the plaintiff at a phone number that had been provided to IC by plaintiff's creditor. IC lacks information or knowledge sufficient to admit or deny whether the number it called is assigned to a cell phone. Deny the remaining allegations in ¶ 6.

7. Plaintiff has a recording of a prerecorded voice message defendant left for him.

**ANSWER:** Lack information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 7.

8. The prerecorded voice message did not identify IC System. There may have been other calls that plaintiff is not aware of, or that plaintiff was not able to preserve.

**ANSWER:** Admit that IC made more than one telephone call to plaintiff. Deny the remaining allegations in ¶ 8.

9. Upon information and belief, the telephone call(s) to plaintiff were made using an automated dialer, such that plaintiff's phone number was dialed without human intervention. That is to say that no human being dialed the digits; a machine did.

    **ANSWER:** Admit that IC made phone calls in which plaintiff's number was not manually dialed by a human being. Deny the remaining allegations in ¶ 9.

10.    Furthermore, the voice mail messages were prerecorded.

    **ANSWER:** Admit that defendant left a virtual messages that complied with all applicable laws. Deny all remaining allegations in ¶ 10.

11.    Any debt defendant was attempting to collect would have been incurred for personal, family or household purposes.

    **ANSWER:** IC lacks information or knowledge sufficient to form a belief as to the reason plaintiff incurred the debt IC sought to collect.

### COUNT I - FDCPA

12.    Plaintiff incorporates all previous paragraphs.

    **ANSWER:** IC restates its responses to ¶¶ 1-11.

13.    15 U.S.C. §1692d(6) requires that a debt collector making a telephone call provide meaningful disclosure of the caller's identity:

> **A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(6) Except as provided in section (1692b] of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.**

    **ANSWER:** IC admits that this paragraph purports to quote the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d(6). IC denies that it violated any provision of the FDCPA.

14.    Defendant's voice messages were "communications" for purposes of debt collection within the meaning of the FDCPA, and defendant was required to make the disclosures required by 15 U.S.C. §§ 1692d(6) and 1692e(11). Edwards v. Niagara

Credit Solutions, Inc., 584 F.3d 1350 (11th Cir. 2009), Ramirez v. Apex Fin. Mgt., LLC, 567 F. Supp. 2d 1035 (N.D. III. 2008); Foti v. NCO Financial Systems, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); Hosseinzadeh v. M.R.S. Associates, Inc., 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); Joseph v. J. J. MacIntyre Cos., 281 F.Supp.2d 1156 (N.D.Cal. 2003); Leyse v. Corporate Collection Servs., 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006); Stinson v. Asset Acceptance, LLC, 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); Belin v. Litton Loan Servicing, LP, 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

**ANSWER:** Denied.

15. Defendant's voice message for Plaintiff did not make a meaningful disclosure of the caller's identity.

**ANSWER:** Denied.

### COUNT II – TCPA

16. Plaintiff incorporates all previous paragraphs.

**ANSWER:** IC restates its responses to the previous paragraphs.

17. The TCPA, 47 U.S.C. §227(b), prohibits calling persons on their cell phone using an automatic telephone dialing system, and prohibits calling persons on their cell phone using a prerecorded message.

**ANSWER:** Denied.

18. Upon information and belief, defendant called plaintiff one or more times using both an automatic telephone dialing system and using a prerecorded or artificial voice message in violation of the TCPA.

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.      If IC violated the FDCPA, which IC denies, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

2.      IC's telephone dialing system is programmed to only leave messages that discloses IC's identity. IC does not leave any messages that fail to disclose its identity.

3.      If plaintiff received a message from IC that did not disclose IC's identity, plaintiff's cell phone or cell phone network may have failed to record the portion of the message which disclosed IC's identity.

4.      IC's practice of only leaving messages that disclose its identity constitutes a procedure reasonably adapted to avoid the FDCPA violation that plaintiff has alleged.

## SECOND AFFIRMATIVE DEFENSE

1.      Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

1.      A call made to a cell phone using an automatic telephone dialing system or prerecorded message ("an auto-dialed call") violates the Telephone Consumer Protection Act ("TCPA") only if it is made without the called party's consent. 47 U.S.C. § 227(b)(1). When a person gives his cell phone number to a creditor in connection with a debt, he gives consent for a debt collector seeking payment of the debt to make auto-dialed calls to that number. Federal Communications Commission Declaratory Ruling, FCC 07-232, ¶ 9.

6556571v1 910619 48965

2. Plaintiff gave his creditor the phone number that IC called when it tried to collect his debt. Thus, IC's calls to plaintiff could not have violated the TCPA.

3. In addition, in plaintiff's agreement with the creditor, plaintiff expressly consented to receiving auto-dialed calls at the phone number he provided.

4. Because ICS's calls did not violate the TCPA, plaintiff has not stated a claim for relief under the TCPA, and he lacks constitutional standing to bring such a claim.

WHEREFORE, Defendant, respectfully requests that this Court deny the relief sought in Plaintiff's Amended Complaint, enter judgment in defendant's favor and against plaintiff, and award defendants its costs.

| | |
|---|---|
| David M. Schultz<br>Peter E. Pederson<br>HINSHAW & CULBERTSON LLP<br>222 N. LaSalle Street<br>Suite 300<br>Chicago, Illinois  60601<br>(312) 704-3000<br>**Fax:** (312) 704-3001<br>dschultz@hinshawlaw.com<br>ppederson@hinshawlaw.com | IC SYSTEM, INC.<br><br>By:  /s/ Peter E. Pederson_____<br>         By one of its Attorneys |

### CERTIFICATE OF SERVICE

The undersigned attorney certifies that on April 30, 2010, I served this document by filing it with the Court's CM/ECF system, which will make copies of the documents available to all counsel of record.

/s/ Peter E. Pederson_____

### Service List

Alexander H. Burke, Esq.
ABurke@BurkeLawLLC.com
BURKE LAW OFFICES, LLC
155 N. Michigan Avenue, Suite 9020

6

6556571v1 910619 48965

Chicago, Illinois  60601

6556571v1 910619 48965