IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIEGO FRAUSTO, | ) | |
|     Plaintiff, | ) | 1:10-cv-1363 |
| | ) | Judge Zagel |
|   v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| IC SYSTEM, INC., | ) | |
|     Defendant. | ) | |

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff respectfully requests that this Court grant him leave to file a Second Amended Complaint in this action. The proposed Second Amended Complaint is attached as <u>Appendix 1</u>.

In support of this motion, plaintiff states:

1. This is a Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. and Telephone Consumer Protection Act, 47 U.S.C. §227, case arising out of the defendant improperly calling plaintiff on his cell phone using an automatic telephone dialing system and prerecorded voice message. Plaintiff recently learned through discovery that he is similarly situated to other class members in a way that makes class treatment appropriate, proper and desirable, and therefore seeks leave to add class allegations. The proposed Second Amended Complaint is attached hereto as Appendix 1.

2. A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad

1

enough to permit denial"); *accord*, *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 748, 597 (5th Cir. 1981); *Cement Masons' Pension Fund, Local 502 v. Clements*, 91 C 8032, 1993 U.S. Dist. LEXIS 13938 (N.D.Ill., Oct. 5, 1993); *Nagy v. Riblet Products Corp.*, No. S90-202 (RLM), 1991 U.S. Dist. LEXIS 20128, *1, Fed. Sec. L. Rep. (CCH) P96,535 (N.D.Ind., Oct. 16, 1991); *Kopala v. Pepsi-Cola Bottling Co.*, No. S90-296 (RLM), 1991 U.S. Dist. LEXIS 10261, *3-4, 55 Fair Empl. Prac. Cas. (BNA) 1535 (N.D.Ind. May 7, 1991); *Select Creations v. Paliafito Am.*, 830 F. Supp. 1213, 1215-16 (E.D.Wisc. 1993).

3. The amendments will not cause any prejudice to defendant. *See Johnson v. Oroweat Foods*, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); *Hely & Patterson Intern v. F.D. Rich Housing*, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

4. Despite that more persons will be involved in the case as a class members if this motion is granted, the proofs for the lawsuit will not change.

WHEREFORE, plaintiffs respectfully request that this Court grant him leave to amend the complaint in this action. The proposed Second Amended Complaint is attached as <u>Appendix 1</u>.

           Respectfully submitted,

           /s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

# Appendix 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIEGO FRAUSTO, | ) | |
| Plaintiff, | ) | 1:10-cv-1363 |
| | ) | Judge Zagel |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| IC SYSTEM, INC., | ) | |
| Defendant. | ) | |

## SECOND AMENDED COMPLAINT

1. Plaintiff Diego Frausto ("plaintiff"), brings this action to secure redress for unlawful debt collection practice engaged in by defendant Credit Collection Services in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 and implementing regulations and orders.

2. Defendant IC System, Inc. ("ICS") called plaintiff and left a prerecorded voice message that violated the FDCPA because the message did not identify ICS. Further, ICS violated the TCPA because it impermissibly called plaintiff and a class of similarly situated persons on their cell phones using proscribed automatic telephone dialing system and prerecorded voice equipment.

## JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), and 15 U.S.C. §1692k (FDCPA).

1

4. Venue is appropriate because a substantial portion of the events that gave rise to this cause of action occurred here. Defendant's debt collection attempts were directed at plaintiff, who lives in the Chicago area.

**PARTIES**

5. Plaintiff is an individual who resides in this District.

**6.** ICS is a debt collection agency that has its headquarters in the Saint Paul, Minnesota area. ICS uses automatic telephone dialing systems and prerecorded messages to assist it in the collection of debts.

7. IC System is engaged in the business of collection of accounts, bills and other indebtedness, for others.

**FACTS**

8. ICS called plaintiff on plaintiff's cell phone using an automatic telephone dialing system and prerecorded voice message, in attempts to collect a debt allegedly owed to PayPal. Defendant has admitted to at least 38 such calls; plaintiff believes there were more.

9. Although it uses different types of dialers, ICS only used an "Avaya dialer" to call plaintiff. The Avaya dialer equipment ICS used to call plaintiff for all calls but two is located in St. Paul, Minnesota. The Avaya dialer is capable of dialing telephone numbers without human intervention. ICS used its Avaya dialer to call plaintiff as part of a dialing campaign, whereby no human being dialed plaintiff's telephone number.

10. Upon information and belief, once a batch of debt and debtor information (including debtor telephone numbers) is loaded into the Avaya dialer, the "intelligent" dialer selects what numbers to call, and when to do so, and then dials them. It is not ICS' practice to

2

obtain oral consent from debtors to receive prerecorded messages before leaving such a message.

### COUNT I – FDCPA - INDIVIDUAL

11. Plaintiff incorporates all previous paragraphs.

12. 15 U.S.C. §1692d(6) requires that a debt collector making a telephone call provide meaningful disclosure of the caller's identity.

13. The automated voice mail message that defendant left for plaintiff did not make a meaningful disclosure of the caller's identity.

WHEREFORE, plaintiff requests this Honorable Court to enter judgment in favor of plaintiff and against defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit; and

(3) Such other relief as the Court deems proper.

### COUNT II – TCPA PRERECORDED MESSAGE - CLASS

14. Plaintiff incorporates all previous paragraphs.

15. The TCPA, 47 U.S.C. §227(b), prohibits calling persons on their cell phone using an automatic telephone dialing system, and prohibits calling persons on their cell phone using a prerecorded message.

16. Plaintiff brings Count II on behalf of a class pursuant to Rule 23(b)(2) and 23(b)((3).  The class is defined as:

> All persons with Illinois cell phone numbers (a) who ICS called using its Minnesota-based Avaya dialer; (b) where ICS used a pre-recorded voice; (c) in an attempt to collect an alleged PayPal debt; (e) where the PayPal contract was identical to that of plaintiff; and (e) any such call was made by ICS at any time

3

between August 1, 2009 and August 30, 2009. Excluded from the class are persons who, according to ICS' records, did *not* provide the phone number called to ICS or to PayPal, and did not otherwise attempt to revoke consent to receive such calls.

17. Upon information and belief, there are more than 50 members of the proposed class; sufficient to satisfy the numerosity requirement.

18. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

   a. Whether defendant used an automatic telephone dialing system and/or an artificial or pre-recorded voice within the meaning of the TCPA with respect to telephone calls to class members' cellular phones;

   b. Whether such practices violate the TCPA; and

   c. Damages.

19. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

20. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

21. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

22. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

23. The identity of the class is likely readily identifiable from defendant's records, or through other administrative means.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests this Honorable Court to enter judgment in favor of plaintiff and the class, and against defendant for:

(1) Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

(2) An injunction against future illegal calls to plaintiff or the class that violate the TCPA, along with corresponding declaratory relief;

(3) Costs of suit; and

(4) Such other relief as the Court finds proper.

Respectfully submitted,

Alexander H. Burke

Alexander H. Burke

**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

Alexander H. Burke

**Document Preservation**

Defendant is hereby directed to take affirmative steps to preserve all records and data concerning plaintiff and the class, its phone message system and relating to any other facts alleged herein.

6