IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIEGO FRAUSTO, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 10-cv-1363 |
| | ) | |
| IC SYSTEM, INC., | ) | Judge Zagel |
| Defendant. | ) | |

### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, I.C. SYSTEM, INC. ("IC"), submits the following as its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint. IC states that at the hearing on September 30, 2010, the Court entered and continued the plaintiff's motion for leave to file the Second Amended Complaint pending the Court's ruling on the anticipated cross-motions for summary judgment. However, the minute order entered on October 5, 2010 (Docket # 17) stated that the motion for leave to file was granted. IC believes that the minute order was entered in error and that the Second Amended Complaint has not been properly filed and it is not the operative pleading. IC is filing this answer out of an abundance of caution and without waiving the foregoing position. IC was unable to obtain a transcript of September 30, 2010 hearing by the deadline to answer to the Second Amended Complaint because the court reporter was out of the office.

1. Plaintiff Diego Frausto ("plaintiff"), brings this action to secure redress for unlawful debt collection practice engaged in by defendant Credit Collection Services in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 and implementing regulations and orders.

**ANSWER: IC denies the allegations of paragraph 1 of Plaintiff's Second Amended Complaint.**

2. Defendant IC System, Inc. ("ICS") called plaintiff and left a prerecorded voice message that violated the FDCPA because the message did not identify ICS. Further, ICS violated the TCPA because it impermissibly called plaintiff and a class of similarly situated

persons on their cell phones using proscribed automatic telephone dialing system and prerecorded voice equipment.

**ANSWER:** **IC denies the allegations of paragraph 2 of Plaintiff's Second Amended Complaint.**

## JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), and 15 U.S.C. §1692k (FDCPA).

**ANSWER:** **IC admits the allegations of paragraph 3 of Plaintiff's Second Amended Complaint.**

4. Venue is appropriate because a substantial portion of the events that gave rise to this cause of action occurred here. Defendant's debt collection attempts were directed at plaintiff, who lives in the Chicago area.

**ANSWER:** **IC admits on information and belief that plaintiff resides in the Northern District of Illinois. IC denies all remaining allegations in paragraph 4 of Plaintiff's Second Amended Complaint.**

## PARTIES

5. Plaintiff is an individual who resides in this District.

**ANSWER:** **IC admits on information and belief the allegations of paragraph 5 of Plaintiff's Second Amended Complaint.**

6. ICS is a debt collection agency has its headquarters in the Saint Paul, Minnesota area. ICS uses automatic telephone dialing systems and prerecorded messages to assist it in the collection of debts.

**ANSWER:** **IC admits that it is a debt collector with its headquarters in St. Paul, Minnesota. IC admits that, in certain circumstances, it uses a telephone dialing system and prerecorded messages while attempting to collect debts. IC denies all remaining allegations in paragraph 6 of Plaintiff's Second Amended Complaint.**

7. IC System is engaged in the business of collection of accounts, bills and other indebtedness, for others.

**ANSWER:** **IC admits that it collects or attempts to collect debts owed to others in certain circumstances. IC denies all remaining allegations in paragraph 7 of Plaintiff's Second Amended Complaint.**

## FACTS

8. ICS called plaintiff on plaintiff's cell phone using an automatic telephone dialing system and prerecorded voice message, in attempts to collect a debt allegedly owed to PayPal. Defendant has admitted to at least 38 such calls; plaintiff believes there were more.

**ANSWER:** **IC admits that when it sought to collect a debt that the plaintiff owed to PayPal, it called the plaintiff at a telephone number that he had provided to PayPal. IC admits that it made these calls using a telephone dialing system that meets the definition of "automatic telephone dialing system" ("ATDS") set forth in the FCC's Declaratory Ruling, No. FCC 07-232. IC admits that it called plaintiff using its telephone dialing system a total of 38 times. IC lacks information or knowledge sufficient to admit or deny whether the number it called is assigned to a cellular telephone. IC denies all remaining allegations in paragraph 8 of Plaintiff's Second Amended Complaint.**

9. Although it uses different types of dialers, ICS only used an "Avaya dialer" to call plaintiff. The Avaya dialer equipment ICS used to call plaintiff for all calls but two is located in St. Paul, Minnesota. The Avaya dialer is capable of dialing telephone numbers without human intervention. ICS used its Avaya dialer to call plaintiff as part of a dialing campaign, whereby no human being dialed plaintiff's telephone number.

**ANSWER:** **IC admits that it used an "Avaya dialer" located in St. Paul, Minnesota, to call plaintiff. In further answering, IC admits that it made telephone calls in which plaintiff's number was not manually dialed by a human being. IC denies all remaining allegations in paragraph 9 of Plaintiff's Second Amended Complaint.**

10. Upon information and belief, once a batch of debt and debtor information (including debtor telephone numbers) is loaded into the Avaya dialer, the "intelligent" dialer selects what numbers to call, and when to do so, and then dials them. It is not ICS' practice to obtain oral consent from debtors to receive prerecorded messages before leaving such a message.

130020594v1 0910619 71482

**ANSWER:** **IC denies the allegations in paragraph 10 of Plaintiff's Second Amended Complaint because IC's managers design dialing campaigns and decide the numbers that are called in IC's various dialing campaigns.**

## COUNT I – FDCPA – INDIVIDUAL

11. Plaintiff incorporates all previous paragraphs.

**ANSWER:** **IC restates its answers to paragraphs 1 through 10 of Plaintiff's Second Amended Complaint.**

12. 15 U.S.C. §1692d(6) requires that a debt collector making a telephone call provide meaningful disclosure of the caller's identity.

**ANSWER:** **IC admits that this paragraph purports to paraphrase the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d(6). IC denies that it violated any provision of the FDCPA.**

13. The automated voice mail message that defendant left for plaintiff did not make a meaningful disclosure of the caller's identity.

**ANSWER:** **IC denies the allegations of paragraph 13 of Plaintiff's Second Amended Complaint.**

## COUNT II – TCPA PRERECORDED MESSAGE – CLASS

14. Plaintiff incorporates all previous paragraphs.

**ANSWER:** **IC restates its answers to paragraphs 1 through 13 of Plaintiff's Second Amended Complaint.**

15. The TCPA, 47 U.S.C. §227(b), prohibits calling persons on their cell phone using an automatic telephone dialing system, and prohibits calling persons on their cell phone using a prerecorded message.

**ANSWER:** **IC denies the allegations of paragraph 15 of Plaintiff's Second Amended Complaint.**

16. Plaintiff brings Count II on behalf of a class pursuant to Rule 23(b)(2) and 23(b)(3). The class is defined as:

> All persons with Illinois cell phone numbers (a) who ICS called using its Minnesota-based Avaya dialer; (b) where ICS used a pre-recorded voice; (c) in an attempt to collect an alleged PayPal debt; (e) [sic] where the PayPal contract was identical to that of plaintiff; and (e) any such call was made by ICS at any time between August 1, 2009 and August 30, 2009. Excluded from the class are persons who, according to ICS' records, did *not* provide the phone number called to ICS or to PayPal, and did not otherwise attempt to revoke consent to receive such calls.

**ANSWER:** **IC admits that Plaintiff seeks to bring his TCPA claim on behalf of the class defined in paragraph 16 of Plaintiff's Second Amended Complaint. IC denies that the TCPA claim can be certified as a class action. IC denies all remaining allegations of paragraph 16 of Plaintiff's Second Amended Complaint.**

17. Upon information and belief, there are more than 50 members of the proposed class; sufficient to satisfy the numerosity requirement.

**ANSWER:** **IC denies that the TCPA claim can be certified as a class action. IC denies all remaining allegations of paragraph 17 of Plaintiff's Second Amended Complaint.**

18. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

   a. Whether defendant used an automatic telephone dialing system and/or an artifical or pre-recorded voice within the meaning of the TCAP with respect to telephone calls to class members' cellular phones;

   b. Whether such practices violate the TCPA; and

   c. Damages

**ANSWER:** **IC denies that the TCPA claim can be certified as a class action. IC denies all remaining allegations of paragraph 18 of Plaintiff's Second Amended Complaint, including subparts (a), (b), and (c).**

19. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

5

**ANSWER:** **IC denies that the TCPA claim can be certified as a class action. IC denies all remaining allegations of paragraph 19 of Plaintiff's Second Amended Complaint.**

20. Class action treatment is superior to the alternatives to the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

**ANSWER:** **IC denies that the TCPA claim can be certified as a class action. IC denies all remaining allegations of paragraph 20 of Plaintiff's Second Amended Complaint.**

21. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

**ANSWER:** **IC denies that the TCPA claim can be certified as a class action. IC denies all remaining allegations of paragraph 21 of Plaintiff's Second Amended Complaint.**

22. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudication with respect to individual members of the class that would establish incompatible standards of conduct.

**ANSWER:** **IC denies that the TCPA claim can be certified as a class action. IC denies all remaining allegations of paragraph 22 of Plaintiff's Second Amended Complaint.**

23. The identity of the class is likely readily identifiable from defendants' records, or through other administrative means.

**ANSWER:** **IC denies that the TCPA claim can be certified as a class action. IC denies all remaining allegations of paragraph 23 of Plaintiff's Second Amended Complaint.**

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

**ANSWER:** **IC denies that the TCPA claim can be certified as a class action. IC denies all remaining allegations of paragraph 24 of Plaintiff's Second Amended Complaint.**

130020594v1 0910619 71482

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

1. If IC violated the FDCPA, which IC denies, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

2. IC's telephone dialing system is programmed to only leave messages that disclose IC's identity. IC does not leave any messages that fail to disclose its identity.

3. If plaintiff's answering machine or voicemail recorded a message from IC that did not disclose IC's identity, plaintiff's cell phone, cell phone network, or answering machine failed to record the portion of the message which disclosed IC's identity.

4. IC's practice of only leaving messages that disclose its identity constitutes a procedure reasonably adapted to avoid the FDCPA violation that plaintiff has alleged.

**SECOND AFFIRMATIVE DEFENSE**

1. Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

1. A call made to a cell phone using an automatic telephone dialing system or prerecorded message ("an auto-dialed call") violates the Telephone Consumer Protection Act ("TCPA") only if it is made without the called party's consent. 47 U.S.C. § 227(b)(1). When a person gives his cell phone number to a creditor in connection with a debt, he gives consent for a debt collector seeking payment of the debt to make auto-dialed calls to that number. Federal Communications Commission Declaratory Ruling, FCC 07-232, ¶ 9.

2. Plaintiff gave his creditor the phone number that IC called when it tried to collect his debt. Thus, IC's calls to plaintiff could not have violated the TCPA.

7

3. In addition, in plaintiff's agreement with the creditor, plaintiff expressly consented to receiving auto-dialed calls at the phone number he provided.

4. Because IC's calls did not violate the TCPA, plaintiff has not stated a claim for relief under the TCPA, and he lacks constitutional standing to bring such a claim.

## FOURTH AFFIRMATIVE DEFENSE

1. The TCPA allows a person to recover actual damages resulting from a violation of the statute or to receive $500.00 per violation, whichever is greater. The TCPA provides for the trebling damages if the violation was willful.

2. If for the sake of argument a TCPA class were certified and the class contained several thousand people, liability to the class could potentially be so great as to result in defendant's insolvency.

3. The due process clause of the Fifth Amendment to the U.S. Constitution prohibits an award of damages that would result in iQor's insolvency, especially where, as here, the conduct that allegedly violated the TCPA did not cause actual injury or damages to the plaintiff or class members.

## FIFTH AFFIRMATIVE DEFENSE

1. In the event that the portion of the FCC Declaratory Ruling No. 07-232 which brings predictive dialers within the TCPA's definition of an "automatic telephone dialing system" is invalidated or withdrawn, IC will argue that its phone system does not amount to an ATDS under the statutory language set forth in 27 U.S.C. § 227(a)(1).

## SIXTH AFFIRMATIVE DEFENSE

1. Plaintiff's claims are barred by the statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

1. Plaintiff's claims are moot.

## EIGHTH AFFIRMATIVE DEFENSE

1. Plaintiff's claims are barred based on the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

1. Plaintiff's claims are barred based on the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

1. Plaintiff lacks constitutional standing to assert a TCPA claim because she consented to be contacted at the number she contends is assigned to her cell phone.

WHEREFORE, Defendant, I.C. SYSTEM, INC., respectfully requests that this Court deny the relief sought in Plaintiff's Second Amended Complaint, enter judgment in Defendant's favor and against plaintiff, and award Defendant its costs.

David M. Schultz  
Peter E. Pederson  
Avanti D. Bakane  
HINSHAW & CULBERTSON LLP  
222 N. LaSalle Street, Suite 300  
Chicago, Illinois 60601  
(312) 704-3000  
Fax: (312) 704-3001  
dschultz@hinshawlaw.com  
ppederson@hinshawlaw.com  
abakane@hinshawlaw.com  

Defendant IC SYSTEM, INC.

By: /s/ Avanti D. Bakane  
     One of its Attorneys

## **CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on October 25, 2010, I served this document by filing it with the Court's CM/ECF system, which will make copies of the documents available to the following counsel of record.

Alexander H. Burke, Esq.
ABurke@BurkeLawLLC.com
BURKE LAW OFFICES, LLC
155 N. Michigan Avenue, Suite 9020
Chicago, Illinois 60601

                                                /s/ Avanti D. Bakane