IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIEGO FRAUSTO, )<br>　　Plaintiff, )<br>) <br>　　　　v. )<br>) <br>IC SYSTEM, INC., )<br>　　Defendant. )<br>)<br>) | 1:10-cv-1363<br><br>Judge Zagel<br><br><br><br><br>JURY DEMANDED |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**AND INCORPORATED MEMORANDUM**

Plaintiff respectfully requests that this Court enter either partial or complete summary judgment in his favor and against IC System, Inc. for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227(b) ("TCPA").[1] In support of this motion, plaintiff states:

The TCPA prohibits calling persons on their cellular telephones using an "automatic telephone dialing system," and also prohibits use of "prerecorded" or "artificial voice" messages in such calls. 47 U.S.C. § 227(b)(1)(A)(iii); *Sengenberger v. Credit Control Services, Inc.*, 2010 WL 1791270, at *6 (N.D.Ill. May 5, 2010); reconsideration denied June 17, 2010.

IC System called plaintiff's cellular telephone thirty-eight times in attempts to collect an alleged debt, and has admitted that it made each of these calls using both an ADAD and a prerecorded message. There is no factual or legal dispute among the parties as to whether the

---

[1] Typically, in a class action, summary judgment is decided after class certification. However, defendant has requested that summary judgment be decided before class certification in this case, and has therefore waived any one-way intervention problems that may arise in the future litigation of this case. If the Court finds that one-way intervention has not been waived, then plaintiff requests that summary judgment be decided after class certification.

1

calls to plaintiff were made with equipment proscribed by the TCPA, and plaintiff is entitled to summary judgment as to these issues.

The TCPA provides a limited affirmative defense to persons who use ADADs and prerecorded messages: if the caller can prove by the preponderance of the evidence that it had the called party's "prior express consent" to receive such calls, the caller can avoid liability. IC System's summary judgment motion is expected to focus on this point, and IC System bears the burden of proof, so plaintiff will not extensively discuss "prior express consent" in this brief, except to put IC System to its proofs. Because IC System bears the burden of proof as to its affirmative defense, and it has not met that burden, summary judgment in plaintiff's favor is appropriate.

Finally, IC System attempts to raise several equitable affirmative defenses in response to this federal statutory claim. However, the only defense Congress made available to a TCPA defendant is "prior express consent," and these affirmative defenses fail as a matter of law.

**I. Statement of Fact**

IC System called plaintiff at least thirty-eight times using an "automatic telephone dialing system" as that phrase is defined by the TCPA. SMF 1. IC System's dialer, rather than a human being, dialed each of these calls. SMF 2. All messages IC System left for plaintiff implemented a "prerecorded" or "artificial" voice. SMF 3.

IC System admits that it left prerecorded or artificial voice messages for plaintiff on at least the following dates: 8/18/2010, 8/19/2010 and 8/22/2010, for a total of three messages, although plaintiff believes there were more. SMF 4. IC System intended to call plaintiff using the proscribed equipment and messages. SMF 5.

## II. Summary Judgment Standard

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Pugh v. City of Attica, Ind., 259 F.3d 619, 625 (7th Cir.2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts" in order to establish a genuine issue of material fact. Payne v. Pauley, 337 F.3d 767, 773 (7th Cir.2003) (citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)). A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." EEOC v. Sears, Roebuck & Co., 233 F.3d 432, 437 (7th Cir.2000). I consider the record in the light most favorable to the nonmoving party, and draw all reasonable inferences in the nonmovant's favor. Lesch v. Crown Cork & Seal Co., 282 F.3d 467, 471 (7th Cir.2002). I will accept the nonmoving party's version of any disputed fact only if it is supported by relevant, admissible evidence. Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir.1996).

III. **IC System Violated The TCPA Each Time it Called Plaintiff.**

In passing the TCPA, Congress acted to "protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile machines and automatic dialers." S.Rep. No. 102-178, at 1 (1991) as reprinted in 1991 U.S.C.C.A.N. 1968; see *Satterfield v. Simon & Schuster*, 569 F.3d 946, 954 (9th Cir. 2009). As the Ninth Circuit explained in *Satterfield*:

> The TCPA was enacted in response to an increasing number of consumer complaints arising from the increased number of telemarketing calls. The consumers complained that such calls are a "nuisance and an invasion of privacy." The purpose and history of the TCPA indicate that Congress was trying to prohibit the use of ATDSs to communicate with others by telephone in a manner that would be an invasion of privacy. We hold that a voice message or a text message are not distinguishable in terms of being an invasion of privacy. *Satterfield*, 569 F.3d at 954 (citations omitted).

Additionally, pursuant to the statute, the Federal Communications Commission ("FCC") has prescribed various regulations implementing TCPA requirements, which are codified at 47 CFR § 64.1200.

The TCPA provides a private right of action based on violations of subsection (b), or the regulations prescribed under that subsection, to recover either the actual monetary loss from such violations or statutory damages of $500 for each violation, whichever is greater. 47 U.S.C. § 227(b)(3). Courts may treble the amount of damages awarded if the court finds that the defendant's violations were committed "willfully or knowingly". *Id*.

A. **The Equipment IC System Used to Call Plaintiff Were Regulated by the TCPA.**

The TCPA, 47 U.S.C. §227(b)(1)(A)(iii) provides:

(1) It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –

4

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
> 
> ***
> 
> > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. 47 U.S.C. § 227(b)(1)(A).

Similar to the statute, the TCPA regulations prohibit autodialed and prerecorded calls to cellular telephones:

> (a) No person or entity may:
> 
> > (1) Initiate any telephone call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice;
> > 
> > (iii) To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 C.F.R. §64.1200(a)(1)(iii). The term "automatic telephone dialing system" has been held by the FCC to include predictive dialers. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, Jan. 4, 2008 order at ¶13 ("In re TCPA"); *Hicks v. Client Services, Inc.*, 2009 WL 2365637, at *4-5 (S.D.Fla. June 9, 2009).

There is no dispute in this case as to whether IC System used an "automatic telephone dialing system" within the meaning of the TCPA to call plaintiff's cellular telephone thirty-eight times. IC System has admitted as much. SMF 1-2. There is similarly no dispute that IC System

used prerecorded or artificial messages for eleven of those calls. SMF 3-4. Summary judgment should be entered on these two critical issues.

    **B. The Violations of were "Willful" within the Meaning of the TCPA.**

Further, plaintiff requests that the Court make a finding that the calls IC System made were "willful" within the meaning of the TCPA. The FCC has defined "willful" in another part of the Telecommunications Act of 1934 as:

> (1) The term "willful", when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this chapter or any rule or regulation of the Commission authorized by this chapter or by a treaty ratified by the United States.

47 U.S.C. § 312(f)(1). This definition has been applied to claims such as those raised by Frausto. *Sengenberger v. Credit Control Services, Inc.*, 2010 WL 1791270, at *6 (N.D.Ill. May 5, 2010); reconsideration on issue of willfulness denied June 17, 2010 (Zagel, J.) ("a defendant must only know of the facts that constituted the offense, not that the defendant knows that its conduct is in violation of any law."). *Baltimore-Washington Telephone Co. v. Hot Leads Co., LLC*, 584 F.Supp.2d 736, fn3. (D.Md. 2008); *Charvat v. Ryan*, 116 Ohio St. 3d 394, 399, 879 N.E.2d 765, 771 (Ohio Ct. App. 2007)(noting the "low threshold" for proving willfulness); Clark v. Red Rose, Inc., 2004 WL 1146679, at *2 (Ohio Mun. Trial Ct. May 3, 2004) (ordering maximum TCPA damages).

In this case, IC System has admitted that it "intended" to make the calls. SMF 5. Thus, pursuant to 47 U.S.C. § 312(f)(1), its violations were "willful," and plaintiff is entitled to up to treble damages.

6

**C. Defendant Cannot Prove that it had Plaintiff's "Prior Express Consent" to Call Plaintiff's Cellular Telephone using the Proscribed Equipment.**

The burden of proof lies with the proponent of an affirmative defense, and "prior express consent" under the TCPA is no exception. 47 U.S.C. § 227(b)(1)(A); *Sengenberger v. Credit Control Services, Inc.*, 2010 WL 1791270, at *6 (N.D.Ill. May 5, 2010). Although plaintiff issued discovery requests in order to learn what evidence supports IC System's defense, insufficient admissible evidence has been provided. *Edeh v. Midland Credit Management, Inc.*, --- F.Supp.2d ----, 2010 WL 3893604 (D.Minn. Sept. 29, 2010) (bald assertion that creditor provided phone number to collector was not sufficient to show consent).

Because defendant has not presented or produced admissible evidence to support its bald contention that plaintiff provided consent to be called on his cellular telephone, summary judgment should be entered against it as to this affirmative defense.

**D. The Other "Defenses" IC System Raises are Inapplicable or Unavailable.**

IC System raises several additional defenses to liability, including statute of limitations (sixth defense), mootness (seventh defense), waiver (eighth defense), estoppel (ninth defense) and standing (tenth defense). Each of these defenses are either inapplicable or unavailable.

1. <u>Statute of limitations</u>.

IC System first asserts that claims raised in this lawsuit are barred by the statute of limitations. They are not. The statute of limitations for TCPA claims is four years. *Benedia v. Super Fair Cellular, Inc.*, 2007 WL 2903175 (N.D.Ill. Sept. 26, 2007). All calls to plaintiff were within four years of filing of the Second Amended Complaint. Indeed, the class period is one month long, during and including August 1, 2009 and August 30, 2009, and all calls to plaintiff

happened well within four years of the filing of this action. No claims raised in this lawsuit are time-barred. This defense is inapplicable.

2. Mootness, Waiver and Estoppel.

Congress' creation of the "prior express consent" affirmative defense within the TCPA creates a presumption that this statutory exception was included to the exclusion of other possible affirmative defenses. *Howlett v. Rose*, 496 U.S. 356, 375 (1990) ("The elements of, and the defenses to, a federal cause of action are defined by federal law."); see generally, *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 232 (4th Cir. 2007).

Neither mootness, waiver nor estoppel is mentioned in the TCPA, or anywhere else under federal law with respect to TCPA claims, and none are available to IC System here. *Fillichio v. M.R.S. Associates, Inc.*, 2010 WL 4261442, at *5 (S.D.Fla. Oct. 19, 20010) (TCPA "robocall" case); *Holtzman v. Turza*, 2010 WL 4177150, at *5 (N.D.Ill. Oct. 5, 2010) (rejecting equitable "mitigation of damages" defense as "Nonsense. Mitigation of damages is not a defense under the TCPA, and each instance of a violation is independently actionable.").[2]

And although plaintiff issued discovery, including contention interrogatories, asking for IC System's position as to its defenses, none of these "defenses" were developed or even mentioned.

---

[2] See also cases collected by the *Fillicio* court: *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 868 N.E.2d 270, 275 (Ohio 2007) ("There is no duty to mitigate in TCPA cases."); M*anuf. Auto Leasing, Inc. v. Autoflex Leasing, Inc.*, 139 S.W.3d 342, 347 (Tex.Ct.App.2004) ("no duty to contact [defendant] and ask them to stop violating the TCPA"); *Onsite Computer Consulting Svs., Inc. v. Dartek Computer Supply Corp.*, 2006 WL 2771640, at *4 (Mo.Ct.App.2006) ("Plaintiff was not required to mitigate its damages by calling Defendant."); *Jemiola v. XYZ Corp.*, 126 Ohio Misc.2d 68, 802 N.E.2d 745, 750 (Ohio Com.Pl.2003) ("plaintiff has no obligation to mitigate damages [under TCPA], since the amount of damages is specifically set by statute and is therefore mandatory").

3. <u>Standing</u>

Plaintiff is not sure what defendant means with respect to "standing" as an affirmative defense. Plaintiff has standing because he alleged, and has proved, that IC System called him on his cellular telephone thirty eight times using the proscribed methods and equipment.

To the extent that IC System intends to use "prior express consent" for its "Standing" argument, it cannot do so. The FCC has made clear that consent must be proven by the calling party. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, Jan. 4, 2008 order at ¶13 ("In re TCPA"); *Hicks v. Client Services, Inc.*, 2009 WL 2365637, at *4-5 (S.D.Fla. June 9, 2009). Whether IC System can prove its affirmative defenses have nothing to do with "standing." Plaintiff has alleged a cognizable claim to relief under federal law, and has standing to assert these claims. Summary judgment should be entered in plaintiff's favor on this affirmative defense.

**CONCLUSION**

For the forgoing reasons, summary judgment should be entered in plaintiff's favor as thirty-eight separate willful violations of the Telephone Consumer Protection Act.

    Respectfully submitted,

    /s/Alexander H. Burke

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

www.BurkeLawLLC.com