**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DIEGO FRAUSTO,          )  | |
|     Plaintiff,                      )  | 1:10-cv-1363 |
|                                          )  | |
|     v.                                 )  | Judge Zagel |
|                                          )  | |
| IC SYSTEM, INC.,                )  | |
|     Defendant.                   )  | |
|                                          )  | |
|                                          )  | JURY DEMANDED |

**PLAINTIFF'S RULE 56.1 STATEMENT OF MATERIAL FACT**

1. **IC System called plaintiff's cellular telephone at least thirty-eight times using an "automatic telephone dialing system" as that phrase is defined by the TCPA.**

    "IC admits that it called the plaintiff using a telephone dialing system that meets the definition of "automatic telephone dialing system" ("ATDS") set forth in the FCC's Declaratory Ruling, No. FCC 07-232. IC admits that it called plaintiff using its telephone dialing system a total of 38 times."

Exhibit A, IC System's responses to plaintiff's first discovery requests at request for admission 1, see also Exhibit B, log of calls produced by IC System in discovery and Exhibit C, deposition of Scott Ellison, generally, and Exhibit D, Deposition of Plaintiff at 13.

2. **IC System's dialer, rather than a human being, dialed each of these calls.**

    "IC has not located a record of making a call to plaintiff by manually dialing his number."

Exhibit A at interrogatory 2.

3. **All messages IC System left for plaintiff implemented a "prerecorded" or "artificial" voice.**

    "The messages IC left for plaintiff were generated with an artificial or prerecorded voice."

1

Exhibit A at interrogatory 3.

4. **IC System admits that it left prerecorded or artificial voice messages for plaintiff on 8/18/2010, 8/19/2010 and 8/22/2010. Plaintiff believes that there were more.**

Exhibit E email from defense counsel; Exhibit F, plaintiff's voice mail recording of message.

5. **IC System's calls to plaintiff using its autodialer and prerecorded messages were "intentional."**

> Q. Does IC System intend to call people using its dialer?
> A. Yes.
> Q. Does IC System intend to call people using its prerecorded messages?
> A. Yes.
> Q.  Are there any instances that you can think of where IC System called someone using its dialer but didn't intend to do so?
> MR. PEDERSON:  Objection, calls for speculation, but the witness can answer if he knows.
> THE WITNESS:  No.  No.  I don't believe so.
> Q. Did IC System intend to call Diego Frausto using its dialer?
> A. Yes.

Exhibit C at 12-13.

6. **IC System, Inc. is a debt collection agency with its headquarters in St. Paul, Minnesota.** Exhibit G, Answer to Second Amended Complaint at ¶ 6, and Exhibit A.

> "IC admits that it is a debt collector with its headquarters in St. Paul, Minnesota. IC admits that, in certain circumstances, it uses a telephone dialing system and prerecorded messages while attempting to collect debts."

7. **This Court has federal question subject matter jurisdiction because this case was brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, a law of the United States.**

8. Venue is proper because the calls that are the subject of this case were directed to plaintiff, and were received this District.

Respectfully submitted,

/s/Alexander H. Burke

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com