# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1363 | **DATE** | June 30, 2011 |
| **CASE TITLE** | FRAUSTO v. IC SYSTEM, INC. | | |

**DOCKET ENTRY TEXT:**

The cross motions for summary judgment are ENTERED and CONTINUED. The parties must address my concerns regarding Plaintiff's motion for class certification [36], as discussed below.

## STATEMENT

Now pending are the parties' cross motions for summary judgment. They are fully briefed and appear ready for ruling, but there is a catch. Along with the filing of the motions, Plaintiff filed a motion for class certification on the TCPA claim. This is significant because the Seventh Circuit is generally hostile to merits decisions coming before a class certification decision. *See, e.g., Larson v. JP Morgan Chase* Co., 530 F.3d 578 (7th Cir. 2008); *Thomas v. City of Peoria*, 580 F.3d 633, 635 (7th Cir. 2009) ("First ruling on the merits of the federal claims, and then denying class certification on the basis of that ruling, puts the cart before the horse, as we have emphasized.") (citing cases). There are, however, recognized exceptional circumstances. *See, e.g. Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 475 (7th Cir. 1997) ("While we agree that it is the better policy for a district court to dispose of a motion for class certification promptly and before ruling on the merits of the case, the failure to follow this preferred procedure does not necessarily amount to reversible error."); *see also Cowen v. Bank United of Texas, FSB*, 70 F.3d 937 (7th Cir. 1995).

Defendant here has not acknowledged Plaintiff's motion for class certification. This could be because Plaintiff never noticed the motion to his adversary, but regardless the issue would persist because the second amended complaint includes a class allegation under the TCPA. *See Bieneman v. Chicago*, 838 F.2d 962, 963-64 (7th Cir. 1988) ("If the complaint depicts the plaintiff as representative of a class, the district court must deal with the subject even if no one asks.")

The cross motions under Rule 56 are entered and continued. Defendant is ordered to address the class certification motion, whether by conceding class cert, arguing against it, or by arguing that this is one of the rare cases in which a decision should be deferred in favor of a merits ruling.