**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DIEGO FRAUSTO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 10-cv-1363 |
| v. ) | |
| ) | Judge Zagel |
| **IC SYSTEM, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT'S RESPONSE TO THE COURT'S JUNE 30, 2011 ORDER**

## I. INTRODUCTION

In accordance with the Court's June 30, 2011 order [DE # 55] directing Defendant, IC System, Inc. ("IC"), to address the motion for class certification [DE # 36], IC respectfully submits that this Honorable Court should defer decision on class certification in favor of a merits ruling and strike the motion for class certification. In open court on September 30, 2010, the Court stated that it would decide summary judgment before class certification. (Hearing transcript, attached as Exhibit 1, at 3:18-4:4). Under Fed. R. Civ. P. 23, district courts have discretion to decide the merits first. IC waives the preclusive effect that a summary judgment might otherwise have on the claims of the alleged class members in order to obtain an immediate ruling on the claim that the individual plaintiff, Diego Frausto, has asserted under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. It is proper to defer class certification until after the merits because the motions for summary judgment demonstrate that plaintiff does not have a likelihood of success on his TCPA claim, and it will be unnecessary to decide whether the proposed class meets the requirements of Fed. R. Civ. P. 23 if the Court enters summary judgment for IC.

## II. ARGUMENT

### A. Under the Federal Rules of Civil Procedure and Seventh Circuit Precedent, the Court Should Defer Ruling on Class Certification Because Plaintiff Cannot Show a Likelihood of Success.

Under Fed. R. Civ. P. 23(c)(1)(A), this Court has discretion to decide the merits of a case before class certification. The rule states:

> At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.

Rule 23 was amended in 2003 to "capture[] the many valid reasons that may justify deferring the initial certification decision." *Hakim v. Accenture U.S. Pension Plan,* 735 F. Supp. 2d 939, 956 (N.D. Ill. 2010). One such reason is that "[t]he party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified." Advisory Committee Notes on 2003 amendments to FRCP, Rule 26, Subdivision (c), Paragraph (1).

Before the 2003 amendments, Rule 23(c)(1)(A) stated that a court should determine whether to certify a class "*as soon as practicable* after commencement of the action." *See* Notes of Advisory Committee on 2003 amendments to FRCP, Rule 26, Subdivision (c) (italics added). But even under the old version of Rule 23(c)(1)(A), the case law of the Seventh Circuit permitted district courts to decide the merits before class certification. In *Cowen v. Bank United of Texas, FSB,* 70 F.3d 937, 941-42 (7th Cir.1995), the court explained that filing a motion for summary judgment before class certification is decided is a legitimate tactic for defending a class action. When the defendants does so, it loses the preclusive effect that a favorable judgment would otherwise have on class members, but it avoids the cost of litigating class certification. The court stated:

> The [defendant] bank elected to move for summary judgment before the district judge decided whether to certify the suit as a class action. This is a recognized

>tactic and *does not seem to us improper*. … It is true that [the pre-2003 version of] Rule 23(c)(1) of the civil rules requires certification as soon as practicable, which will usually be before the case is ripe for summary judgment. But "usually" is not "always," and "practicable" allows for wiggle room. Class actions are expensive to defend. One way to try to knock one off at low cost is to seek summary judgment before the suit is certified as a class action. A decision that the claim of the named plaintiffs lacks merit ordinarily, though not invariably, ... disqualifies the named plaintiffs as proper class representatives. …
>
>When the procedure that we have just described is followed, the defendant loses the preclusive effect on subsequent suits against him of class certification but saves the added expense of defending a class action and may be content to oppose the members of the class one by one, as it were, by moving for summary judgment, every time he is sued, before the judge presiding over the suit decides whether to certify it as a class action. … *Cowen,* 70 F.3d at 941-42 (citations omitted) (holding that district court properly decided defendant's motion for summary judgment before class certification).

Here, IC is voluntarily giving up the preclusive effect that a summary judgment might otherwise have on the TCPA claims of the alleged class members in order to obtain an immediate ruling on the plaintiff's individual claim.[1] This is a permissible tactic for defending a class action. *Cowen,* 70 F.3d at 941. The Federal Judicial Center's *Manual for Complex Litigation* is in agreement, providing that a "court may rule on motions pursuant to Rule 12, Rule 56, or other threshold issues before deciding on certification; however, such rulings bind only the named parties." *Manual for Complex Litigation (Fourth)* § 21.133 (2004); *see also McCarter v. Retirement Plan for Dist. Managers of American Family Ins. Group*, 2007 WL 4333979, at *6 (W.D. Wis. Nov. 16, 2007) ("In moving for summary judgment before the motion for class certification has been resolved, the defendant loses the advantage of a judgment that has preclusive effect against all putative suitors but saves the heavy expense of defending against a class action;" court granted defendants' request to decide the merits before class certification),

---

[1] IC preserves all issues relating to whether the proposed class meets the requirements for certification under Federal Rule 23. If the Court addresses class certification, either before or after summary judgment, IC reserves the right to argue that the proposed class does not meet the requirements for class certification under Rule 23.

3

*aff'd as modified* 540 F.3d 649 (7th Cir. 2008); *Williams-Ellis v. Mario Tricoci Hair Salons and Day Spas,* 2007 WL 3232490, at *3 (N.D. Ill. Nov. 1, 2007) (Kocoras, J.) (deciding summary judgment first and noting that summary judgment issued before certification decision binds only named parties).

It is appropriate for a court to rule on a motion for summary judgment first "when there is sufficient doubt regarding the likelihood of success on the merits of a plaintiff's claims." *Hakim v. Accenture U.S. Pension Plan,* 735 F. Supp. 2d 939, 956 (N.D. Ill. 2010) (Dow, J.) (citing *Larson v. Evanston Northwestern Healthcare,* 1999 WL 518901, at *1 (N.D. Ill. July 19, 1999)). IC's motion for summary judgment demonstrates that Frausto cannot succeed on his TCPA claim because he consented to receive the phone calls that he contends violated the TCPA. Thus, there "is sufficient doubt regarding [plaintiff's] likelihood of success," and for the sake of judicial economy the Court should decide the motions for summary judgment before class certification. *Hakim,* 735 F. Supp. 2d at 956 (striking motion for class certification without prejudice because ruling on summary judgment called into doubt whether named plaintiff could succeed on individual claim); *Allen v. Aronson Furniture Co.,* 971 F. Supp. 1259, 1261 (N.D. Ill. 1997) (Aspen, J.) (deciding class certification before summary judgment when the named plaintiff's claim lacks merit would be "to promote inefficiency for its own sake") (quoting *Marx v. Centran Corp.,* 747 F.2d 1536, 1552 (6th Cir. 1984)).

Courts in the Seventh Circuit frequently decide motions for summary judgment before class certification. *See, e.g., Cowen*, 70 F.3d at 941-42 (affirming decision to enter summary judgment for defendant and deny class certification); *Sample v. Aldi Inc*., 61 F.3d 544, 551-52 (7th Cir. 1995) ("Because the district court properly granted summary judgment to Aldi on Sample's individual claims, Sample cannot represent a class") (disapproved on other grounds

4

*Carson v. Bethlehem Steel Corp.*, 82 F.3d 157 (7th Cir. 1996)); *Barden v. Hurd Millwork Co., Inc.*, 2009 WL 3740619, at *1 n.1 (E.D. Wis. Nov. 5, 2009) (deciding summary judgment before class certification); *Landsman & Funk, P.C. v. Lorman Business Center, Inc.*, 2009 WL 602019, at *7-*8 (W.D. Wis. Mar. 9, 2009) (granting Rule 12(b)(6) motion and then denying motion for class certification); *Antonishin v. Keisler,* 627 F.Supp.2d 872, 878 (N.D. Ill. 2007) (deciding Rule 12(b)(6) motion before class certification); *Williams-Ellis,* 2007 WL 3232490, at *3 (summary judgment first); *Talley v. NCO Financial Systems, Inc.*, 2006 WL 2927596, at *1 (N.D. Ind. Oct. 12, 2006) (deciding summary judgment before class certification). Consistent with these opinions, the Court should decide the dispositive motions before ruling on Frausto's motion for class certification.

That approach would be in keeping with the Supreme Court's recent decisions on Federal Rule 12(b)(6). The Supreme Court has held that, when a plaintiff asserts a legally weak claim, courts should not allow expensive discovery to proceed. In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 558-61, 127 S.Ct. 1955, 1967 (2007), the Court held that:

> it is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, … <u>but quite another to forget that proceeding to antitrust discovery can be expensive . … [A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed</u>. (emphasis added, citations omitted).

The Supreme Court later stated, "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal, --- U.S. ----,* 129 S.Ct. 1937, 1950 (2009) (emphasis added); *Source One Global Partners, LLC v. KGK Synergize, Inc.,* 2009 WL 2192791 (N.D. Ill. 2009). Here, IC has shown in its dispositive motion that Frausto consented to receive IC's calls and that Frausto therefore has no claim under the TCPA. Because the individual claim that Frausto attempts to bring on behalf of the TCPA class

130120751v1 0910619 71482

is defective, it is proper to defer class certification until after ruling on the dispositive motion, just as it is proper to defer discovery when the plaintiff fails to state a claim for relief under Federal Rule 8. In both cases, deciding the dispositive motion at the outset enables the parties and the district court to avoid the expense of the additional litigation that will not take place if the dispositive motion is granted.

### B. This Court Has Already Determined That Dispositive Motions Should Be Decided Before Class Certification.

At the status hearing on September 30, 2010, the Court stated that it would decide IC's motion for summary judgment before ruling on class certification, and counsel for the plaintiff stated that he had no preference as to which matter was decided first. (Exhibit 1 at 3:18-4:4). The following exchange occurred at the hearing:

> THE COURT: … ordinarily, if I have a serious motion for summary judgment on somebody who might be a class representative, I usually deal with the merits of that first because if there is no case, it's a lousy class rep and the motion is going [to] go away anyway. If you want to file such a motion, that's fine with me.
>
> MR. BURKE: A motion for class certification?
>
> THE COURT: Yeah, that's fine with me, but I'm not going to make him respond to it until I deal with summary judgment.
>
> MR. BURKE: We have no preference as to whether summary judgment happens before or after class certification.
>
> THE COURT: Then what I suggest you do is you talk to each other and you get an agreed schedule on summary judgment and if you have any difficulty with it, you can talk to Mr. Walker and he'll give you a schedule, and then we'll give you a status date roughly four or five weeks after the summary judgment motion is fully briefed. (Ex. 1 at 3:19-4:14).

Consistent with the Court's remarks at the September 30, 2010 hearing and the case law cited in the preceding section, the Court should strike the motion for class certification and proceed to ruling on the parties' dispositive motions.

130120751v1 0910619 71482

### III. CONCLUSION

For all these reasons, IC SYSTEM, INC. respectfully submits that this Honorable Court should strike the motion for class certification [DE # 36] and proceed directly to ruling on the parties' fully-briefed motions for summary judgment.

Respectfully submitted

IC SYSTEM, INC.

By:   /s/ Peter E. Pederson
      One of its Attorneys

David M. Schultz
Peter E. Pederson
Avanti Bakane
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601
(312) 704-3000
Fax: (312) 704-3001

### CERTIFICATE OF SERVICE

The undersigned attorney certifies that on July 12, 2011, he served this document by causing a copy to be electronically filed through the Court's CM/ECF system, which will make a copy available to counsel of record identified below.

/s/ Peter E. Pederson

### Service List

Alexander H. Burke, Esq.
ABurke@BurkeLawLLC.com
BURKE LAW OFFICES, LLC
155 N. Michigan Avenue, Suite 9020
Chicago, Illinois 60601

130120751v1 0910619 71482