```
 1            IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ILLINOIS
 2                     EASTERN DIVISION

 3  DIEGO FRAUSTO,                  )
                                    )
 4                                  ) No. 10 CV 1363
                                    )
 5         Plaintiff,                )
                                    )
 6  vs.                             ) Chicago, Illinois
                                    )
 7  IC SYSTEM, INC.,                ) September 30, 2010
                                    )
 8         Defendant.                ) 10:43 o'clock a.m.

 9
                    TRANSCRIPT OF PROCEEDINGS
10           BEFORE THE HONORABLE JAMES B. ZAGEL

11
    For the Plaintiff:
12
             BURKE LAW OFFICES, LLC
13           BY:  Alexander Holmes Burke
             155 North Michigan Avenue
14           Suite 9020
             Chicago, Illinois 60601
15           (312) 729-5288

16  For the Defendant:

17           HINSHAW & CULBERTSON
             By:  Peter E. Pederson , Jr.
18           222 North LaSalle Street
             Suite 300
19           Chicago, Illinois 60601-1081
             (312) 704-3000
20

21  Court reporter:

22           Blanca I. Lara, CSR, RPR
             219 South Dearborn Street
23                   Room 2504
             Chicago, Illinois 60604
24               (312) 435-5895

25
```

|   |   |
|---|---|
| | 1   THE CLERK:  2010 C 1363, Frausto versus IC |
| | 2 Systems. |
| | 3   MR. BURKE:  Good morning, judge. |
| | 4   Alexander Burke for the plaintiff. |
| :43AM | 5   MR. PEDERSON:  Good morning, Your Honor. |
| | 6   Pete Pederson for the defendant. |
| | 7   Your Honor, this is a case alleging claims |
| | 8 under the FDCPA and TCPA.  For the most part, the |
| | 9 facts are undisputed and my client, the defendant, |
| :44AM | 10 can file a fully dispositive motion for summary |
| | 11 judgment in the next 90 days and we would ask the |
| | 12 Court to exercise its inherent authority over the |
| | 13 docket in this case to establish a briefing schedule |
| | 14 on a summary judgement motion right now. |
| :44AM | 15   MR. BURKE:  Yesterday we filed a motion for |
| | 16 leave to file a second amended complaint adding |
| | 17 class allegations.  We don't have any problem with |
| | 18 summary judgment, we'd like to proceed in a class |
| | 19 basis. |
| :44AM | 20   Judge, we haven't yet noticed -- |
| | 21   THE COURT:  Wait. |
| | 22   What's your view on that? |
| | 23   MR. PEDERSON:  Well, Your Honor has the |
| | 24 discretion to resolve the dispositive motion before |
| :44AM | 25 a motion for class certification. |

1    THE COURT: I know that. The reason I'm
2 asking you the question is, there are occasions,
3 particularly under this Act and similar Acts that
4 involve relatively small claims, there's sometimes a
5 significant inclination for tactical reasons on
6 behalf of the defendant to agree to class action,
7 particularly if there's a confidence that they're
8 going to get a favorable ruling. Most of the time,
9 this is not the position of the defense.
10   MR. PEDERSON: It's not the --
11   THE COURT: I just need to know.
12   MR. PEDERSON: It's not the position of the
13 defense in this case. We believe it's a waste of
14 the parties' and the Court's resources to resolve
15 class certification prior to the merits when the
16 theory alleged here is straightforward and we can
17 show straightforward that it does not apply --
18   THE COURT: I got it.
19   The answer is is that, ordinarily, if I have
20 a serious motion for summary judgment on somebody
21 who might be a class representative, I usually deal
22 with the merits of that first because if there is no
23 case, it's a lousy class rep and the motion is going
24 go away anyway. If you want to file such a motion,
25 that's fine with me.

1  MR. BURKE: A motion for class certification?
2  THE COURT: Yeah, that's fine with me, but
3 I'm not going to make him respond to it until I deal
4 with summary judgment.
5  MR. BURKE: We have no preference as to
6 whether summary judgment happens before or after
7 class certification.
8  THE COURT: Then what I suggest you do is you
9 talk to each other and you get an agreed schedule on
10 summary judgment and if you have any difficulty with
11 it, you can talk to Mr. Walker and he'll give you a
12 schedule, and then we'll give you a status date
13 roughly four or five weeks after the summary
14 judgment motion is fully briefed.
15  MR. BURKE: So the motion for leave to amend
16 to add class allegations?
17  THE COURT: Yes, what you can do is you can
18 file that motion and I'll deal with it in due
19 course.
20  MR. BURKE: The motion for leave to amend is
21 filed. I filed it yesterday.
22  THE COURT: That's fine. Then it'll just sit
23 there until I'm ready.
24  MR. BURKE: Okay.
25  MR. PEDERSON: We'll e-mail Mr. Walker a

:46AM
:46AM
:46AM
:47AM
:47AM

1  proposed order setting a briefing schedule on the
2  summary judgment motion.
3          THE COURT:  That's fine.
4          MR. BURKE:  So the motion will sit there --
5          THE COURT:  It is entered and continued.
6          MR. BURKE:  Very good.
7          THE COURT:  Thanks.
8
9      (Which concluded the proceedings had on this
10      date in the above entitled cause.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

:47AM

6

1
2     \*     \*     \*     \*     \*     \*     \*     \*
3
4
5 I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT
6 FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED
7                          MATTER
8
9
10    /s/Blanca I. Lara                          date
11
12
13
14
15  _____       _____
16         Blanca I. Lara                         Date
17
18
19
20
21
22
23
24
25