UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIEGO FRAUSTO,

    Plaintiff,

    v.

IC SYSTEM, INC.,

    Defendant.

No. 10 CV 1363
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Defendant IC System ("Defendant" or "IC") collects debts on behalf of the popular electronic payment service PayPal. IC contacted Plaintiff Diego Frausto ("Plaintiff' or "Frausto") in an attempt to collect a debt Frausto allegedly owed to the auction website eBay. In a second amendment complaint, Frausto sought individual relief under the Fair Debt Collection Practices Act and made a class claim under the Telephone Consumer Protection Act.

The parties have reached agreement on the FDCPA claim. As for the TCPA claim, Defendant moved for summary judgment, Plaintiff cross-moved and also moved for class certification. Taking the summary judgment motion first,[1] I grant it for Defendant.

---

[1] The Seventh Circuit generally disfavors this approach. *Thomas v. City of Peoria*, 580 F.3d 633, 635 (7th Cir. 2009) ("First ruling on the merits of the federal claims, and then denying class certification on the basis of that ruling, puts the cart before the horse, as we have emphasized.") (citing cases). There are, however, recognized exceptional circumstances. *See, e.g. Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 475 (7th Cir. 1997) ("While we agree that it is the better policy for a district court to dispose of a motion for class certification promptly and before ruling on the merits of the case, the failure to follow this preferred procedure does not necessarily amount to reversible error."). Here, the parties have agreed to my ruling on summary judgment before the class certification decision. No doubt a stipulation is a recognized exception to the usual course of considering class certification first.

STATEMENT OF FACTS

Plaintiff Diego Frausto opened a PayPal account in December of 2003. During the registration process, Frausto provided his name, email address, street address, bank account information, and a phone number.

In addition to this personal information, Frausto consented to PayPal's user agreement. Among other provisions, the agreement contains the following:

> **1.10 Calls to You.** By providing PayPal a telephone number (including a wireless/cellular telephone), you consent to receiving autodialed and prerecorded message calls from PayPal at that number.
> **1.2 Your Privacy**. Protecting your privacy is very important to PayPal. Please review our Privacy Policy in order to better understand our commitment to maintaining your privacy, as well as our use and disclosure of your Information.

The Privacy Policy indicates that PayPal may use customer's personal information, among other things, to resolve disputes and collect fees.

Frausto used his PayPal account as part of a sale he made on the online auction site eBay. Frausto sold a handbag to a third party who in turn claimed it was damaged. Frausto offered a refund, minus a twenty percent restocking fee. The buyer refused and took the dispute to PayPal. PayPal decided in favor of the buyer, gave the buyer a refund, and debited Frausto. The end result was a negative balance of $254.41 in Frausto's account.

PayPal contracts its debt collection function to Defendant IC Systems. Defendant admits sending collection letters and placing at least three calls to the number Frausto provided also attempting to collect the debt. Plaintiff asserts there were as many as thirty-eight calls to his number.

I. STANDARD OF REVIEW

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of showing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party meets this initial burden, the nonmoving party must then go beyond the pleadings and "designate specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A district court views all evidence and inferences in the light most favorable to the nonmoving party. *Id.* at 255. On cross-motions for summary judgment, the court applies this standard to both motions; in other words, it must view all facts and draw all reasonable inferences in a light most favorable to the party against whom the motion is made. *Tate v. Long Term Disability Plan for Salaried Employees of Champion Int'l Corp. #506*, 545 F.3d 555, 559 (7th Cir. 2008).

II. ANALYSIS

In relevant part, the Telephone Consumer Protection Act ("TCPA") makes it unlawful for persons

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice
> ...
> (iii) to any telephone number assigned to a...cellular telephone service.

47 U.S.C. § 227(b)(1)(A)(iii).

3

Interpreting the "prior express consent" exception, the FCC has declared:

> Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, *e.g.,* as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt. In the *1992 TCPA Order*, the Commission determined that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary.

*In re: Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C.R. 559, ¶ 9 (F.C.C. 2007). For purposes of this provision, third-party debt collectors step into the shoes of the creditor on whose behalf they are recovering the debt. *Id.* at ¶ 10. The burden of establishing consent is on the creditor. *Id.* The FCC's declaratory rulings on this subject bind me pursuant to the Hobbs Act, *see* 47 U.S.C. § 402*,* and in any event the parties do not question the rulings.

The dispositive issue here is the application of the "prior express consent" defense to the facts of this case. Defendant claims the defense applies because Plaintiff provided his mobile phone number in applying for his PayPal account, that that number is the one used to pursue the debt, and that for purposes of pursuing the debt they step into the shoes of PayPal. Plaintiff counters that the terms of PayPal's agreement only authorize PayPal itself to use his number to contact him regarding the debt. He further argues that he revoked his consent.

Plaintiff's first argument is plainly off the mark, because even if I assume that the contract limited use of his number to PayPal, the FCC's ruling makes it clear that Defendant is,

for purposes of the TCPA "PayPal" when it calls Plaintiff. *See In re: Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C.R. at ¶ 9 (F.C.C. 2007).

As to Plaintiff's argument that he revoked his consent, he cites my ruling in *Sengenberger v. Credit Control Servs., Inc.*, 2010 WL 1791270, *4 (N.D. Ill. May 5, 2010). In that case, plaintiff debtor sued a collection agency for its use of auto-dialed, pre-recorded calls. *Id*. at *3. In disputing the defendant's "prior express consent" argument, the plaintiff argued that even if he had consented to the calls in the first instance, he revoked his consent by sending a letter via certified mail in which he disputed the debt and demanded the defendant to seek its calls. *Id.* at *4. Specifically the plaintiff argued that the letter invoked the following provision of the Fair Debt Collection Practices Act:

> If the consumer notifies the debt collector in writing within the thirty-day period [after receiving the initial communication] that the debt, or any portion thereof, is disputed..., the debt collector shall cease collection of the debt, or any disputed portion thereof, is disputed..., the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification or judgment and a copy of such verification is mailed to the consumer by the debtor.

15 U.S.C. § 1692g(b). Interpreting that provision, I found that the plaintiff had effectively revoked his consent for calls placed after defendant received the letter, which was duly shown by plaintiff's certified mail receipt. *Sengenberger*, 2010 WL 1791270 at *4.

The problem for Plaintiff here is that he has sent no such letter. Tellingly, though Plaintiff cites to *Sengenberger* and the relevant FDCPA provision in his brief, he points to no facts on the record in this case that support their application here. With no evidence of written

notification to the debtor after receiving calls, I find that Plaintiff did not revoke his consent pursuant to 15 U.S.C. § 1692g(b).[2]

III. CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is DENIED and Defendant's motion is GRANTED. The motion for class certification is DENIED AS MOOT.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: August 22, 2011

---

[2] Plaintiff additionally argues that he did not provide consent as that term is defined under the Minnesota Collection Agencies Act. Minn. Stat. § 332.37(13). But this argument is made for the first time in Plaintiff's response to Defendant's motion for summary judgment - the first time Minnesota state law was referenced in the case, despite Plaintiff having filed two amended complaints and his own motion for summary judgment. Because the argument is brought in for the first time so late in the game, I do not consider it. *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002) ("a plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment" (quoting *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996))).