Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1363 | **DATE** | April 9, 2012 |
| **CASE TITLE** | FRAUSTO v. IC SYSTEM, INC. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for reconsideration [66] is DENIED.

## STATEMENT

I granted summary judgment on Plaintiff's Telephone Consumer Protection Act ("TCPA") claim in a memorandum opinion and order dated August 22, 2011. *See* Docket Entries [64] and [65]. Plaintiff timely moved for me to reconsider my ruling, making one argument each under Rule 59(e) and 60(b). For purposes of these motions I assume the parties' familiarities with the facts and prior rulings made in the case.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Here, Plaintiff makes two arguments. The first is that I made a manifest error of law. The second is that he has discovered "new" evidence. The motion is denied under both grounds.

Plaintiff's first argument is that I erred in refusing to consider his arguments under the Minnesota Collections Agencies Act. I see no error in that aspect of the opinion.

In briefing the "prior express consent" defense, Plaintiff made an argument for the first time in his summary judgment response brief that the Minnesota Collections Agencies Act made for a more limited consent defense in regards to collection calls. What Plaintiff appears to have overlooked is that the operative complaint (the third such complaint in the case) presented only federal claims. Indeed, the sole remaining claim was under the federal TCPA. To date, Plaintiff has failed to explain how Minnesota statutory law narrows the consent defense under the *federal* statute. Plaintiff argues now that Congress intended that the TCPA would not preempt relevant state provisions so long as the state laws were more protective than the federal laws. This may well be (I do not consider or decide that issue here), but even if true that is not the same thing as saying that the more protective state standard is incorporated into federal claims. Plaintiff's case comes under the *federal* TCPA and despite filing two amended complaints he never filed suit under the

## STATEMENT

Minnesota law.  This is where the footnote in the opinion regarding belated amendments of complaints comes in: absent an argument that Minnesota law supplies the standard in federal TCPA cases (an argument still not yet made), for Plaintiff's Minnesota law argument to even be relevant he must have amended his complaint to include a claim under Minnesota's statute.  Doing so via response to summary judgment is far too late.  The motion for relief under Rule 59(e) is denied.

Plaintiff's second argument for relief comes under Rule 60(b)(2), which permits relief from a judgment when a party produces "newly discovered evidence."  "To support a motion for reconsideration based on newly discovered evidence, the moving party must show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence during the pendency of the motion."  *Caisse Nationale,* 90 F.3d at 1269 (citations omitted).  Here, Plaintiff has uncovered - in his own files - a copy of a letter he claims to have sent to Defendant expressly withdrawing his consent to be called.  My ruling was based in large part on Plaintiff's not having withdrawn his consent, so this evidence could have altered the judgment.

Nevertheless, I will not grant Plaintiff relief because his diligence was woefully inadequate in producing the new evidence.  By his own admission, the letter was in Plaintiff's possession throughout the pendency of this lawsuit, up to and including the briefing on summary judgment.  Plaintiff claims merely that he forgot about this document and that my ruling jogged his memory.  While I appreciate Plaintiff's candor, this lack of diligence just will not do.

I note that in resisting Defendant's consent defense, Plaintiff relied heavily on a case, *Sengenberger v. Credit Control Servs., Inc.*, 2010 WL 1791270, *4 (N.D. Ill. May 5, 2010), in which an FDCPA plaintiff survived a consent defense because that plaintiff produced evidence of his withdrawn consent in the form of certified mail receipts.   At the latest, reading the facts of that case while briefing the issue on summary judgment should have reminded Plaintiff that he had written such a letter.  I fail to understand why it took my ruling this case - not initial discovery and later legal research - to remind Plaintiff that he had favorable evidence in his possession.  I accept Plaintiff's assertion that he makes the argument in good faith, but this is insufficient diligence to warrant Rule 60(b) relief.

The motion for reconsideration is DENIED.